## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL-SHANLEY, an individual, | ) ) ) ) |
| Plaintiff, | ) CASE NO.: ) |
| vs. | ) ) |
| GLENWOOD MORROW COMPANY, L.L.C., a Georgia Limited Liability Company, | ) ) ) ) ) |
| and | ) ) |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a Florida Corporation, | ) ) ) ) ) |
| Defendants. _____ | ) ) / ) |

# COMPLAINT

Plaintiff, TAMARA JEAN FARRELL-SHANLEY, through her undersigned counsel, hereby files this Complaint and sues GLENWOOD MORROW COMPANY, L.L.C., a Georgia Limited Liability Company and BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a Florida Corporation, for

1

injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL-SHANLEY, (hereinafter referred to as "MS. FARRELL-SHANLEY"), is a resident of Henry County, Georgia.

4. MS. FARRELL-SHANLEY is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia. She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MS. FARRELL-SHANLEY is substantially impaired in several major life activities, including walking and standing.

6. Defendant, GLENWOOD MORROW COMPANY, L.L.C., a Georgia Limited Liability Company, (hereinafter referred to as "GLENWOOD"), is registered to do business in the State of Georgia. Upon information and belief, GLENWOOD is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Southlake Festival, located at 1510 Southlake Parkway, Morrow, Georgia 30260.

7. Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a Florida Corporation, (hereinafter referred to as "BCFW"), is registered to do business in the State of Georgia. Upon information and belief, BCFW is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Burlington Coat Factory, located at 1516 Southlake Parkway, Morrow, Georgia 30260. Together the plots owned by GLENWOOD and BCFW make up the plaza known as the Southlake Festival shopping center, collectively the "Property".

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Clayton County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a large shopping center, is open to the public and provides goods and services to the public.

10. MS. FARRELL-SHANLEY has visited the Property and attempted to utilize the facilities offered at the Property.

11. While at the Property, MS. FARRELL-SHANLEY experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MS. FARRELL-SHANLEY desires to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MS. FARRELL-SHANLEY plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

    A. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the parking lot due to spaces located on excessive

slopes of over 1:48 and spaces with pavement in disrepair.

  B. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the parking lot due to a failure to properly identify the spaces with accessible signage and signage provided at low heights where they are easily obstructed by parked vehicles.

  C. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the parking lot due to spaces which were too narrow, spaces which lack an adjacent five (5) foot wide access aisle and/or spaces which have inadequate access aisles.

  D. Plaintiff encountered inaccessible curb ramps leading from the disabled use parking to the sidewalk throughout the Property due to excessive running slopes, steep side flare slopes, disrepair and lack of level landings.

  E. Plaintiff encountered inaccessible sidewalks near TJ Maxx due to running slopes in excess of 1:20 and a lack of handrails in these areas.

15. Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against GLENWOOD MORROW COMPANY, L.L.C. and BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, and requests the following injunctive and declaratory relief:

   A. That the Court declares that the Property owned and operated by DEFENDANTS are in violation of the ADA;

   B. That the Court enter an Order directing DEFENDANTS to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

   C. That the Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies and procedures

towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
John A. Moore, Esq.
Georgia Bar No.: 519792
Of Counsel
The Moore Law Group, LLC
1745 Martin Luther King Jr., Drive
Atlanta, GA 30314
Tel.: (678) 288-5601
Fax: (888) 553-0071
Email: jmoore@moorelawllc.com
Attorney for Plaintiff